14-4262
*United States v. Thomas*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand sixteen.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
> *Appellee*,

v.                                                                            No. 14-4262-cr

KENTON RUSSELL, ROBERTO HENRY,
> *Defendants,*

DWAYNE THOMAS,
> *Defendant-Appellant,*

_____

FOR APPELLEE:                          RACHEL MAIMIN, Assistant United
                                        States Attorney (Karl Metzner, Assistant
                                        United States Attorney, *on the brief*), *for*
                                        Preet Bharara, United States Attorney for

the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT: JAMES R. DEVITA, Doar Rieck Kaley & Mack, New York, NY; David N. Fisher, Fisher & Byrialsen, PLLC, New York, NY.

Appeal from the United States District Court for the Southern District of New York (William H. Pauley, III, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Dwayne Thomas challenges a judgment of conviction based on a jury verdict finding him guilty of robbery conspiracy and one substantive robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, kidnapping conspiracy in violation of 18 U.S.C. § 1201(c), using a firearm in relation to the robbery in violation of 18 U.S.C. § 924(c), and possessing a weapon after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). The jury acquitted Thomas of a substantive kidnapping charge and a related firearm charge. The jury also found Thomas guilty of another robbery and a related firearm charge, but the district court granted Thomas's post-trial motion for a new trial on those counts based on the government's failure to disclose exculpatory evidence, and the government elected not to retry Thomas on these counts. We assume the parties' familiarity with the underlying facts and the procedural history of the case. Thomas makes four main arguments in this appeal, all of which ultimately lack merit.

2

First, Thomas argues that an in-court identification of Thomas by Blundy Jean Jacques, the victim in the dismissed robbery count, should not have been permitted due to a suggestive identification procedure employed by a police detective shortly after the robbery.

The district court agreed that the pretrial identification procedure, in which Jean Jacques was shown Thomas's photo singly, rather than in a photo array, was unduly suggestive. Nevertheless, the court permitted Jean Jacques to make an in-court identification, finding his testimony "independently reliable" due, *inter alia*, to the length of time Jean Jacques viewed Thomas, the lighting conditions, the close attention paid by Jean Jacques to the robbers, and Jean Jacques's certainty regarding his identification. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

We review for clear error the district court's factual determination of the strength of a witness's identification in light of the Biggers factors. See United States v. Douglas, 525 F.3d 225, 242 (2d Cir. 2008). We find no such error in the district court's careful analysis of the evidence bearing on the likelihood that Jean Jacques's in-court identification procedure was tainted by the earlier police impropriety.

Moreover, any error that may have inhered in this decision was essentially mooted when the district court subsequently vacated Thomas's conviction on the counts involving Jean Jacques due to a Brady violation. Thomas's argument that the admission of Jean

3

Jacques's "powerful" testimony, Appellant's Brief at 23, affected the other charges by bolstering the overall credibility of the government's primary cooperating witness is speculative.   Jean Jacques's testimony had no bearing on any of the incidents that were the subject of the counts involving other victims.

Second, Thomas argues that the government violated its Brady obligation by failing to inform the defense of the true name of witness Curtis Jackson, the victim of the kidnapping conspiracy, until the eve of trial.   Brady information must be produced by the Government in sufficient time to allow the defendant to make effective use of the information at trial.   United States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001).

When Jackson first reported the alleged kidnapping to the police, he identified himself as "Marlon James."   He testified in the state grand jury under that name and initially gave it to the federal prosecutors as well.   At some point during preparation for trial, he claimed that he was actually Curtis Jackson, and stated that he had given a false name because he was afraid of retaliation by Thomas.   The government revealed the name change before the trial, one week before Jackson testified.   Jackson was cross-examined extensively regarding his use of a false name, and defense counsel made full use of Jackson's prior falsehood to undermine his credibility.   While Thomas argues that he did not have sufficient time to investigate Jackson, he does not identify any information that further time to investigate would have yielded, and thus offers only the speculation that something might have been discovered, which in turn might have had some unknown

effect on the outcome. Therefore, Thomas has not demonstrated prejudice from the timing of the disclosure that would permit us to conclude that the information was not disclosed in sufficient time for defense to use it at trial.

Third, Thomas argues that Judge Pauley abused his discretion by declining to instruct the jury that using or possessing marijuana in a federal correctional facility is a felony. He contends that the government's case rested heavily on the testimony of the cooperating witness, and that the jury's assessment of that witness's credibility would have been undermined had it known that this infraction, which the cooperator admitted, was a felony rather than a mere violation of prison rules.

"We review a claim of error in jury instructions de novo, reversing only where, viewing the charge as a whole, there was a prejudicial error." United States v. Aina-Marshall, 336 F.3d 167, 170 (2d Cir. 2003). Here, there was no need for an instruction from the court to advise the jury that the cooperating witness's infraction constituted a felony. After initially claiming on cross-examination not to have known that possessing marijuana in a federal prison is a felony, the witness admitted that he violated his agreement "by committing a federal felony," Tr. 543, and the defense summation so characterized the violation, without contradiction by the government. We find no error in the district court's refusal to add an instruction on the ground that the cross-examination "cleared that [up]." Tr. 563.

Finally, Thomas argues that the district court failed to consider his Rule 33 motion for a new trial regarding the kidnapping conspiracy count. However, although Thomas references that count in his "Notice of Motion for Post-Conviction relief" pursuant to Rule 33, A 297, he failed to make any substantive argument in his supporting papers, A 299-317. In any event, the district court rejected Thomas's bid for a new trial on *all* counts other than those relating to the Jean Jacques robbery, specifically noting that the problems relating to Jean Jacques, the basis for Thomas's new trial motion, did not affect the other counts. The only argument in the post-trial motion papers specific to the kidnapping conspiracy charge was a sufficiency of the evidence claim pursuant to Rule 29(c), and the district court fully addressed and rejected that argument, a ruling that Thomas does not challenge on appeal. Thus, the district court did not fail to consider any part of Thomas's Rule 33 argument.

We have considered Thomas's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk